IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA COUNTY WATER DISTRICT, a political subdivision of the State of California, in Yuba County, 1280 Scales Avenue, Marysville, CA 95901, <br><br>Plaintiff, <br><br>v. <br><br>ERIC HOLDER, Attorney General of the United States of America; THOMAS E. PEREZ, Assistant Attorney General, Civil Rights Division, United States Department of Justice, Washington, DC, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | FILED<br><br>Clerk ... ..ptcy Courts for the District of Columbia<br><br>Case: 1:13-cv-00363<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 3/21/2013<br>Description: Three Judge Court<br><br>Three-Judge Court Requested |

## COMPLAINT FOR DECLARATORY RELIEF
## UNDER THE VOTING RIGHTS ACT

The Plaintiff Linda County Water District alleges that:

1. This is an action brought for declaratory relief pursuant to Section 4 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973b (hereinafter "Section 4"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §1343(a)(4), 28 U.S.C. §2201, 42 U.S.C. §1973b, and 42 U.S.C. §1973*l*(b).

2. Plaintiff Linda County Water District ("District") is a political subdivision of the State of California. The district serves an unincorporated area south of the Yuba River and east of the Feather River in Yuba County, California, and covers approximately 8 square miles. Yuba County is also a political subdivision of the State of California and a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42. U.S.C. §

1973c. 42 U.S.C. §1973b(a)(1). According to the 2010 Census, Yuba County has a total population of 72,155, which 42,416 (58.8%) are Non-Hispanic White; 2,122 (2.9%) are Non-Hispanic Black; 4,710 (6.5%) are Non-Hispanic Asian; 1,260 (1.7%) are Non-Hispanic American Indian; and 18,051 (25%) are Hispanic. The total voting age population is 51,165, of which 32,949 (64.4%) are Non-Hispanic White; 1,526 (3%) are Non-Hispanic Black; 3,159 (6.2%) are Non-Hispanic Asian; 935 (1.8%) are Non-Hispanic American Indian; and 10,590 (20.7%) are Hispanic.

3. There are approximately 30,115 registered voters in Yuba County. This represents an increase of 23.3% since November 2002, when there were 24,421 registered voters.

4. Voter turnout in elections within the District (*i e.*, the percentage of those registered voters who cast ballots) varies according to the offices up for election. In the presidential election years of 2000, 2004, and 2008, voter turnout in Yuba County, which makes up the vast majority of the District's territory, increased from 64.7% in 2000 to 72.8% in 2008. The number of ballots cast also increased from 16,302 in 2000 to 21,681 in 2008. Voter turnout in the 2012 presidential election decreased slightly to 66.3%, or 19,973 ballots cast. Turnout for the last three non-presidential federal elections has fluctuated: 48.6% in 2002, 47.8% in 2006, and 55.14% in 2010.

5. Established in 1955, the Linda County Water District operates under the state water code to provide domestic water service to both businesses and residences, and as a source of water for fire protection and sanitary sewer services within the same area. The District has approximately 40 miles of water mains that are connected to a system of 6 wells and 4 filtration plants. The District also has approximately 40 miles of sewer lines that feed into a 5 million gallons per day capacity sewer treatment plant. The district operates 11 sewer lift stations.

6. The District is governed by a five-member district board elected at-large by registered voters within the District's service area. Terms of office are four years in length and are staggered such that at least two board members are elected every two years. Since its inception in 1965, the Voting Rights Act has allowed States that are subject to the special remedial provisions of the Act to seek a judicial decree exempting them from coverage under the special provisions if they can satisfy standards established in the Voting Rights Act. This exemption process is known as "bailout".

7. In 1982, Congress made changes in the exemption standards of the Voting Rights Act. As amended in 1982, Section 4 of the Voting Rights Act provides that political subdivisions within jurisdictions that are covered under the special provisions of the Act are entitled to a declaratory judgment in this Court granting an exemption from the Act's special remedial provisions if, during the ten years preceding the filing of the action:

    A) no test or device has been used either for the purpose or with the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, within the State or political subdivision seeking a declaratory judgment;

    B) no final judgment has been entered by any court determining that the political subdivision has denied or abridged the right to vote on account of race, color, or membership in a language minority group;

    C) no Federal examiners have been assigned to the political subdivision;

    D) all governmental units within the political subdivision have complied with the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c; and

    E) the Attorney General has not interposed any objection to any proposed voting change within the political subdivision and no declaratory judgment has been denied with regard to such a change by this Court under Section 5.

8. As described herein, plaintiff District has fully complied with the provisions of Section 4 of the Act.

9. As a political subdivision within a covered jurisdiction, Plaintiff District has been subject to certain special remedial provisions of the Voting Rights Act, including the provisions of Section 5 of the Act, 42 U.S.C. §1973c. Under Section 5 of the Act, known as the 'preclearance' provisions, covered jurisdictions, including the Plaintiff District, are required to seek and obtain preclearance from either this Court or from the United States Attorney General of any change affecting voting, and such preclearance must be obtained prior to implementation.

10. The District has made preclearance submissions to the United States Department of Justice pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. §1973c. No submission by the District has ever received an objection from the Attorney General. The District has never sought judicial preclearance of any voting changes in this Court.

11. The most recent preclearance submissions were made after the Attorney General reviewed the elections records of the District in the course of considering the State's bailout request and determined that these matters were not reflected in their previous submissions to the Attorney General over the preceding ten years. The failure to make such submissions prior to implementation was inadvertent and not the product of any discriminatory purpose or an intent to evade the Act. Upon notice from the Attorney General, these matters promptly were submitted for review under Section 5.

12. Voter registration opportunities in Yuba County for District elections are readily and equally available to all citizens. The District itself does not conduct voter registration.

13. No person in District has been denied the right to vote on account of race, color, or membership in a language minority group for at least the preceding ten years. The District has not used a "test or device" as defined in the Voting Rights Act (42 U.S.C. §1973b(c)) as a prerequisite to either registering or voting for at least the preceding ten years.

14. No final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color have occurred in the District, nor has the District entered into any consent decree, settlement or agreement resulting in any abandonment of a voting practice challenged on such grounds. There are no pending actions against District alleging such denials or abridgments of the right to vote.

15. No voting practices or procedures have been abandoned by the District or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color.

16. The Plaintiff District has not employed any voting procedures or methods of election that inhibit or dilute equal access to the electoral process by minority voters in the District. Minority voters in District are not being denied an equal opportunity to elect candidates of their choice to any office in the District.

17. Federal examiners have never been appointed or assigned to District under Section 3 of the Voting Rights Act, 42 U.S.C. §1973a.

18. Because there has not been any known intimidation or harassment of persons exercising rights protected under the Voting Rights Act in the District within the last ten years, the District has not had any occasion to take any action eliminating such activity.

19. Pursuant to 42 U.S.C. §1973b, the District has "publicize[d] the intended commencement ... of [this] action in the media serving [the District] and in the appropriate United States post offices."

20. The allegations set forth in paragraphs 9 through 19, above, if established, entitle Plaintiff District to a declaratory judgment under Section 4 of the Voting Rights Act, 42 U.S.C. §1973b, exempting the District from the special remedial provisions of the Voting Rights Act.

WHEREFORE, Plaintiff District respectfully prays that this Court:

A. Convene a three-judge court, pursuant to 28 U.S.C. §2284 and 42 U.S.C. §1973b, to hear the claims raised in Plaintiff's complaint;

B. Enter a declaratory judgment that Plaintiff District is entitled to a bailout from the special remedial provisions of the Voting Rights Act; and

C. Grant such other relief as may be necessary and proper as the needs of justice may require.

Respectfully submitted,

FOR THE PLAINTIFF
LINDA COUNTY WATER DISTRICT:

J. GERALD HEBERT
DC Bar No. 447676
Attorney at Law
191 Somervelle Street, #405
Alexandria, Va. 22304
Tel (703) 628-4673
Email: hebert@voterlaw.com


JOSHUA M. HOROWITZ
California State Bar No. 186866
Bartkiewicz, Kronick & Shanahan
1011 Twenty-Second Street
Sacramento, CA 95816-4907
Tel (916) 446-4254
Email: jmh@bkslawfirm.com