IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LINDA COUNTY WATER DISTRICT, California, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:13-cv-00363 (JEB-JWR-JDB) |
| ERIC HOLDER, Attorney General of the United States of America, *et al.* | ) ) ) ) | Three-Judge Court |
| Defendants. | ) ) | |

CONSENT JUDGMENT AND DECREE

1.     The complaint in this action was filed on March 21, 2013, by plaintiff Linda County Water District ("the District") against defendants Eric Holder, Attorney General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights Division (collectively, the "Attorney General").

2.     The Linda County Water District is a political subdivision of the State of California and is organized under the constitution and laws of the State of California.  It is located within the boundaries of Yuba County, California.

3.     Yuba County is subject to the special provisions of the Voting Rights Act, including the preclearance provisions of Section 5 of the Voting Rights Act, based on coverage determinations made by the Attorney General and the Director of the Census and published in the Federal Register.  Coverage determinations were made regarding Yuba County both after the 1970 amendments to the Voting Rights Act and after the 1975 amendments to the Act.  *See* 28 C.F.R. pt. 51 app.  After the 1970 amendments to the Voting Rights Act, the Attorney General determined that the State of California maintained a "test or device" as defined by Section 4(c) of

the Act as of November 1, 1968, 35 Fed. Reg. 12354 (Aug. 1, 1970), and the Director of the

Census determined that in Yuba County, less than 50 percent of the persons of voting age

residing therein voted in the November 1968 presidential election, 36 Fed. Reg. 5809 (Mar. 27,

1971).  After the 1975 amendments to the Voting Rights Act, the Attorney General also

determined that the State of California maintained a "test or device" as defined by Section 4(f)(3)

of the Act as of November 1, 1972, and the Director of the Census determined that in Yuba

County less than 50 percent of citizens of voting age were registered to vote on November 1,

1972 or that less than 50 percent of such persons voted in the November 1972 presidential

election, 41 Fed. Reg. 784 (Jan. 5, 1976); 41 Fed. Reg. 1503 (Jan. 8, 1976).  As a consequence,

voting changes undertaken in Yuba County or any governmental units within the county

(including the Linda County Water District) after November 1, 1968 must be submitted for

review under Section 5.

      4.     Through this action, the Linda County Water District seeks a declaratory

judgment pursuant to the "bailout" provisions of Section 4(a)(1) of the Voting Rights Act, 42

U.S.C. § 1973b(a)(1), declaring it exempt from coverage under Section 4(b) of the Act, 42

U.S.C. § 1973b(b).  Bailout would exempt the District from the preclearance provisions of

Section 5 of the Act, 42 U.S.C. § 1973c.

      5.     This three-judge district court has been convened as provided in 42 U.S.C.

§ 1973b(a)(5) and 28 U.S.C. § 2284 and has jurisdiction over this matter.

      6.     Section 4(a) of the Voting Rights Act provides that a political subdivision subject

to the special provisions of the Act may be exempted or "bailed out" from those provisions

through an action for a declaratory judgment before this Court if it can demonstrate fulfillment of

the specific statutory conditions in Section 4(a) for both the ten years preceding the filing of the

action, and throughout the pendency of the action.  42 U.S.C. § 1973b(a).  In relevant part, the

statutory conditions for bailout in Section 4(a) are:

> (A)  no such test or device has been used within such State or political subdivision for the purpose or with the effect of denying or abridging the right to vote on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section;

> (B)  no final judgment of any court of the United States, other than the denial of declaratory judgment under this section, has determined that denials or abridgements of the right to vote on account of race or color have occurred anywhere in the territory of such State or political subdivision or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) that denials or abridgements of the right to vote in contravention of the guarantees of subsection (f)(2) of this section have occurred anywhere in the territory of such State or subdivision and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds; and no declaratory judgment under this section shall be entered during the pendency of an action commenced before the filing of an action under this section and alleging such denials or abridgements of the right to vote;

> (C)  no Federal examiners or observers under subchapters I-A to I-C of this chapter have been assigned to such State or political subdivision;

> (D)  such State or political subdivision and all governmental units within its territory have complied with section 1973c of this title, including compliance with the requirement that no change covered by section 1973c of this title has been enforced without preclearance under section 1973c of this title, and have repealed all changes covered by section 1973c of this title to which the Attorney General has successfully objected or as to which the United States District Court for the District of Columbia has denied a declaratory judgment;

(E)  the Attorney General has not interposed any objection (that has not been overturned by a final judgment of a court) and no declaratory judgment has been denied under section 1973c of this title, with respect to any submission by or on behalf of the plaintiff or any governmental unit within its territory under section 1973c of this title, and no such submissions or declaratory judgment actions are pending; and

(F)  such State or political subdivision and all governmental units within its territory - (i) have eliminated voting procedures and methods of election which inhibit or dilute equal access to the electoral process; (ii) have engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under subchapters I-A to I-C of this chapter; and (iii) have engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process.

*See* 42 U.S.C. § 1973b(a)(1)(A)-(F).

7.      Section 4(a) provides the following additional requirements to obtain bailout:

(2) To assist the court in determining whether to issue a declaratory judgment under this subsection, the plaintiff shall present evidence of minority participation, including evidence of the levels of minority group registration and voting, changes in such levels over time, and disparities between minority-group and non-minority-group participation.

(3) No declaratory judgment shall issue under this subsection with respect to such State or political subdivision if such plaintiff and governmental units within its territory have, during the period beginning ten years before the date the judgment is issued, engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section

unless the plaintiff establishes that any such violations were trivial, were promptly corrected, and were not repeated.

(4) The State or political subdivision bringing such action shall publicize the intended commencement and any proposed settlement of such action in the media serving such State or political subdivision and in appropriate United States post offices. . . .

*See* 42 U.S.C. § 1973b(a)(2)-(a)(4).

8.      Section 4(a)(9) provides that the Attorney General may consent to entry of a declaratory judgment granting bailout "if based upon a showing of objective and compelling evidence by the plaintiff, and upon investigation, he is satisfied that the State or political subdivision has complied with the requirements of [Section 4(a)(1)] . . . ." 42 U.S.C. § 1973b(a)(9).

9.      The Attorney General advises the Court that he has conducted a comprehensive and independent investigation to determine the Linda County Water District's entitlement to bailout.  In so doing, the Attorney General represents that Department of Justice attorneys have, among other things, reviewed a significant number of documents related to the District, including available background information and demographic data, minutes of the District's Board of Directors' meetings, records relating to voter registration and turnout in the District, and records of the District's preclearance submissions.

10.      The Attorney General and the District agree that the District has fulfilled the conditions required by Section 4(a) and is entitled to the requested declaratory judgment allowing it to bail out of Section 5 coverage.  Accordingly, the Linda County Water District and the Attorney General have filed a Joint Motion for Entry of Consent Judgment and Decree.

11.     The parties request that this Court wait 30 days after filing of the Joint Motion for Entry of Consent Judgment and Decree, before approving this settlement, while a notice of proposed settlement is advertised.

<u>THE PARTIES' AGREED FACTUAL FINDINGS</u>

12.     The Linda County Water District is a special district of the State of California.  It is located southeast of Marysville in Yuba County.

13.     The District is a political subdivision of the State of California, and thus, it is a political subdivision within the meaning of Section 4(a) of the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(1)(A); *see also Northwest Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009).  The Linda County Water District does not have any subjurisdictions.

14.     According to the 2010 Census, Yuba County had a total population of 72,155, including 42,416 non-Hispanic Whites (58.8%), 18,051 Hispanics (25%), 2,637 non-Hispanic Blacks (3.6%), 2,634 American Indian/Alaskan Natives (3.6%), 5,326 Asians (7.4%), and the remainder split among other racial groups.  The 2010 Census reported that Yuba County's total voting-age population was 51,165, which included 32,949 non-Hispanic Whites (64.4%), 10,590 Hispanics (20.7%), 1,674 non-Hispanic Blacks (3.3%), 1,880 American Indian/Alaskan Natives (3.7%), and 3,453 Asians (6.8%), with the remainder split among other racial groups.

15.     The 2007-2011 American Community Survey estimated the citizen voting age population in Yuba County as 46,085.  This included 32,705 non-Hispanic Whites (71.0%), 6,745 Hispanics (14.6%), 1,350 non-Hispanic Blacks (2.9%), 585 American Indian/Alaskan Natives (1.3%), and 2,520 Asians (5.5%), with the remainder split among other racial groups.

16.     The 2010 Census indicates that the Linda County Water District had a total
population of approximately 17,773.  This included 7,944 non-Hispanic Whites (44.7%), 5,779
Hispanics (32.5%), 778 non-Hispanic Blacks (4.4%), 565 American Indian/Alaskan Natives
(3.2%), and 2,424 Asians (13.6%).  According to the 2010 Census, the approximate voting age
population of the District was 11,844.  This included 6,035 non-Hispanic Whites (51%), 3,309
Hispanics (27.9%), 481 non-Hispanic Blacks (4.1%), 399 American Indian/Alaskan Natives
(3.4%), and 1,455 Asians (12.3%).

17.     According to the 2007-2011 Census American Community Survey, the
approximate citizen voting age population of the Linda County Water District is 9,810.  This
included 6,485 non-Hispanic Whites (66.1%), 1,585 Hispanics (16.2%), 235 non-Hispanic
Blacks (2.4%), , 120 American Indian/Alaskan Natives (1.2%), and 900 Asians (9.2%).

18.     The Linda County Water District is governed by a five-member Board of
Directors.  *See* Cal. Water Code § 30500.  The District's five members are elected at large for
four-year, staggered terms.  *Id*. § 30502.  The District's elections are held every two years in
even-numbered years in conjunction with general statewide elections.

19.     All of the District's current Board members are white.  A Hispanic Board member
last served from 1990 to 1993.

20.     All election-related functions in the Linda County Water District, including voter
outreach, voter registration, list maintenance, and the conduct of elections, are administered by
the Yuba County Clerk.  Yuba County also manages candidate filings for the District.

21.     The Linda County Water District has approximately 5,823 registered voters.  In
the 2006 statewide election, when the District had a contested election, the District had a 68.5%

- 7 -

turnout.  By comparison, county-wide, only 53.07% of registered voters participated in the 2006 general statewide election.

22.      Since California does not require voter applicants to identify their race when registering, the District is unable to present evidence of minority participation in registering and voting.

23.      Opportunities for voter registration are available in Yuba County through various offices, including the office of the clerk/recorder, social service agencies, the department of motor vehicles, or online through the California Online Voter Registration website, and through mail-in application.

24.      Yuba County has engaged in constructive efforts to increase minority participation in elections, including conducting voter registration drives at Hispanic fairs and the Yuba County/Sutter County Fair.

25.      Yuba County also ensures that its written election materials, including ballots, polling place materials, instructions, signage, and all mailings to voters, are provided in both English and Spanish.  Some of the County's poll workers are Spanish speaking, and the County has a Spanish-speaking staff person available by phone during elections to provide language assistance upon request.

26.      The Yuba County Elections Department does not collect data on the ethnicity of its poll workers.  The department recruits poll workers through the Yuba County website, appearances at local fairs, flyers included with its mailings, and advertisements in the local "shopper" newspaper.  It has conducted targeted outreach to recruit poll workers from Hispanic communities, including through advertisements on local Hispanic radio.

27.     During the ten years preceding this action, and during the pendency of this action, the Linda County Water District made three submissions under Section 5 of the Voting Rights Act to the Attorney General.  The Attorney General did not interpose an objection to any of those submissions.  The District has not sought judicial preclearance under Section 5 for any voting changes in the District Court for the District of Columbia.  In 2005, the District submitted twenty-one annexations to the Attorney General.  The Attorney General's review of the District's records in the course of considering its bailout request indicated that during the preceding ten years, several voting changes were implemented by or on behalf of the District prior to preclearance under Section 5.  These voting changes consisted of five appointments and a de-annexation.  This review also determined that the failure to make such submissions prior to implementation was not the product of any discriminatory reason.  Upon notice from the Attorney General, Linda County Water District ensured that the appointments and de-annexation were promptly submitted for review under Section 5, and the Attorney General interposed no objection to these changes under Section 5.  This Court has granted bailout to a number of other covered jurisdictions which have similarly implemented certain voting changes prior to Section 5 review. *See, e.g., City of Wheatland v. Holder*, No. 13-54 (D.D.C. April 25, 2013); *New Hampshire v. Holder*, No. 12-1854 (D.D.C. Mar. 1, 2013); *Browns Valley Irrigation Dist. v. Holder*, No. 12-1597 (D.D.C. Feb. 4, 2013); *Grayson County v. Holder*, No. 12-718 (D.D.C. July 20, 2012); *Wythe County v. Holder*, No. 12-719 (D.D.C. June 18, 2012); *City of Williamsburg v. Holder*, No. 11-1415 (D.D.C. Nov. 28, 2011); *James City County v. Holder*, No. 11-1425 (D.D.C. Nov. 9, 2011); *Culpeper County v. Holder*, No. 11-1477 (D.D.C. Oct. 3, 2011); *City of Bedford v. Holder*, No. 11-473 (D.D.C. Aug. 31, 2011); *Bedford County v. Holder*, No. 11-499

(D.D.C. Aug. 30, 2011); *Rappahannock County v. Holder*, No. 11-1123 (D.D.C. Aug. 9, 2011);

*City of Manassas Park v. Holder*, No. 11-749 (D.D.C. Aug. 3, 2011); *Amherst County v.*

*Mukasey*, No. 08-780 (D.D.C. Aug. 13, 2008); *Middlesex County v. Gonzales*, No. 07-1485

(D.D.C. Jan. 7, 2008).  Information on bailout cases is available on the Department of Justice's

website at www.justice.gov/crt/about/vot/misc/sec_4.php.

28.     The Linda County Water District publicized its intent to commence a bailout

action, as required by Section 4(a)(4) of the Voting Rights Act, by posting notice at the District's

offices and in the Yuba County Clerk's office and publishing notice in the local newspaper, the

Appeal-Democrat.  *See* 42 U.S.C. § 1973b(a)(4).  There are no U.S. post offices in the District.

29.     The Attorney General has determined that it is appropriate to consent to a

declaratory judgment allowing bailout by the Linda County Water District, pursuant to Section

4(a)(9) of the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(9).  The Attorney General's consent

in this action is based upon his own independent factual investigation of the District's fulfillment

of all of the bailout criteria, and consideration of all of the circumstances of this case, including

the absence of racial discrimination in the electoral process within the District.  This consent is

premised on an understanding that Congress intended Section 4(a)(9) to permit bailout in those

cases where the Attorney General is satisfied that the statutory objectives of encouraging Section

5 compliance, and preventing the use of racially discriminatory voting practices, would not be

compromised by such consent.

THE PARTIES' AGREED FINDINGS ON STATUTORY BAILOUT CRITERIA

30.     The Linda County Water District is a covered jurisdiction subject to the special

provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.  Pursuant

to Section 5 of the Act, the District is required to obtain preclearance from either this Court or the Attorney General for any change in voting standards, practices, and procedures adopted or implemented since the Act's coverage date for Yuba County, California.

31.     The Linda County Water District is the only entity seeking bailout through this action.

32.     The Linda County Water District is a political subdivision entitled to seek bailout from this Court for itself and by itself under Section 4(a).  *See* 42 U.S.C. § 1973b(a)(1); *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009).

33.     There are no other governmental units within the Linda County Water District's territory for which the District is responsible or which must request bailout at the same time as the District within the meaning of Section 4(a).  *See* 42 U.S.C. § 1973b(a).

34.     During the ten years preceding the filing of this action and during the pendency of this action, the Linda County Water District has not used any test or device as defined in Section 4(c) or Section 4(f)(3) of the Voting Rights Act, 42 U.S.C. § 1973b(c) & (f)(3), for the purpose or with the effect of denying or abridging the right to vote on account of race or color or language minority status.  42 U.S.C. § 1973b(a)(1)(A).

35.     During the ten years preceding the filing of this action, and during the pendency of this action, no final judgment of any court of the United States has determined that denials or abridgments of the right to vote on account of race or color or language minority status have occurred anywhere within the territory of the Linda County Water District.  Further, no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting

practice challenged on such grounds.  No action is presently pending alleging such denials or

abridgements of the right to vote.  42 U.S.C. § 1973b(a)(1)(B).

36.     During the ten years preceding the filing of this action, and during the pendency

of this action, no Federal examiners or observers have been assigned to the Linda County Water

District.  42 U.S.C. § 1973b(a)(1)(C).

37.     During the ten years preceding the filing of this action, and during the pendency

of this action, the Linda County Water District has made three administrative submissions to the

Attorney General for review under Section 5, and the Attorney General did not interpose an

objection to any of these submissions under Section 5.  As set forth above, the District did not

submit, prior to implementation, certain voting changes to the Attorney General for review under

Section 5.  There is no evidence that the District did not submit these matters prior to

implementation for any improper reason.  Nor is there any evidence that implementation of such

changes, which have now been precleared under Section 5, has had a discriminatory purpose or

effect on voting that would contravene Congress' intent in providing the bailout option to a

jurisdiction such as this.  During the ten years preceding the filing of this action, and during the

pendency of this action, there has been no need for the District to repeal any voting changes to

which the Attorney General has objected, or to which this Court has denied a declaratory

judgment, since no such objections or denials have occurred.  *See* 42 U.S.C. § 1973b(a)(1)(D).

38.     The Attorney General has never interposed any objection to voting changes

submitted by or on behalf of the Linda County Water District for administrative review under

Section 5.  No such administrative submissions by or on behalf of the District are presently

pending before the Attorney General.  The District has never sought judicial preclearance from

this Court under Section 5.  Thus, this Court has never denied the District a declaratory judgment

under Section 5, nor are any such declaratory judgment actions now pending.  *See* 42 U.S.C.

§ 1973b(a)(1)(E).

39.     During the ten years preceding the filing of this action, and during the pendency

of this action, the Linda County Water District has not employed voting procedures or methods

of election which inhibit or dilute equal access to the electoral process.  *See* 42 U.S.C.

§ 1973b(a)(1)(F)(i).

40.     There is no evidence that any person in the Linda County Water District's

elections has been subject to intimidation or harassment in the course of exercising his or her

rights protected under the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(1)(F)(ii).

41.     All voter registration and election administration in the District has been

conducted solely by Yuba County throughout the ten years preceding the filing of this action and

through the present time.  During that time, Yuba County has engaged in constructive efforts to

expand the opportunity for voter registration and voting for every person of voting age through a

variety of means, including offering various locations for voter registration in the County, as well

as through an internet portal and by mail-in application and through the appointment of bilingual

poll officials.  42 U.S.C. § 1973b(a)(1)(F)(iii).

42.     The Linda County Water District has presented available evidence concerning

rates of voter registration and voter participation over time.  42 U.S.C. § 1973b(a)(2).

43.     During the preceding ten year period, the Linda County Water District has not

engaged in violations of any provision of the Constitution or laws of the United States or any

State or political subdivision with respect to discrimination in voting on account of race or color or language minority status.  42 U.S.C. § 1973b(a)(3).

44.     The Linda County Water District has provided public notice of its intent to seek a Section 4(a) declaratory judgment and of the proposed settlement of this action.  42 U.S.C. § 1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.     Plaintiff Linda County Water District is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).   This Consent Judgment and Decree applies only to plaintiff Linda County Water District and does not exempt Yuba County from coverage under the special provisions of the Voting Rights Act.

2.     The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and plaintiff Linda County Water District is exempted from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years pursuant to Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).  This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).

3.     Each party shall bear its own fees, expenses and costs.


Entered this ___ day of _____, 2013.

_____
JUDITH W. ROGERS
UNITED STATES CIRCUIT JUDGE



_____
JAMES E. BOASBERG
UNITED STATES DISTRICT JUDGE



_____
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

*Agreed and Consented To:*

*/s/ J. Gerald Hebert*

_____
J. GERALD HEBERT (DCB # 447676)
Attorney at Law
191 Somervelle Street, # 405
Alexandria, VA 22304
Telephone: (703) 628-4673
Email: hebert@voterlaw.com

JOSHUA M. HOROWITZ
California State Bar No. 186866
Bartkiewicz, Kronick & Shanahan
1011 Twenty-Second Street
Sacramento, CA 958-4907
Telephone: (916) 446-4254
Email: jmh@bkslawfirm.com

*Counsel for Plaintiff*
*Linda County Water District, California*

Dated: June 6, 2013

*Agreed and Consented To:*

RONALD C. MACHEN JR.                      THOMAS E. PEREZ
United States Attorney                    Assistant Attorney General
District of Columbia                      Civil Rights Division


                                          */s/ Elizabeth S. Westfall*
                                          _____
                                          T. CHRISTIAN HERREN, JR.
                                          ROBERT D. POPPER
                                          JENNIFER L. MARANZANO
                                          CHRISTY MCCORMICK
                                          ERIN M. VELANDY
                                          ELIZABETH S. WESTFALL
                                          (DCB # 458792)
                                          elizabeth.westfall@usdoj.gov
                                          Attorneys
                                          Voting Section
                                          Civil Rights Division
                                          United States Department of Justice
                                          950 Pennsylvania Ave., N.W.
                                          Room 7125 - NWB
                                          Washington, D.C.  20530
                                          Telephone:  (202) 305-7766
                                          Facsimile:  (202) 307-3961

                                          *Counsel for Defendants*
                                          *Attorney General of the United States, and*
                                          *Assistant Attorney General,*
                                          *Civil Rights Division*

Dated: June 6, 2013